ORDERED.

Dated: May 20, 2015

_____
Cynthia C. Jackson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
Middle District of Florida
Orlando Division

| | |
|---|---|
| IN RE:<br><br>Troy B Campbell<br><br><br><br>**Debtor** | Case No:    6:14-bk-12165-CCJ<br>**Chapter 13** |

**Order Confirming Chapter 13 Plan**

This case came on for a Confirmation Hearing on April 28, 2015. It having been determined that the debtor's Plan as modified at the hearing, docket number 11, complies with section 1325 and other applicable sections of the Bankruptcy Code, it is herewith Ordered as follows:

1. The debtor's Chapter 13 Plan is confirmed.

2. Payments by the debtor of (see exhibit "A") per month by money order or cashier check or wage deduction for 60 consecutive months commencing on November 30, 2014 are to be made to Laurie K. Weatherford - Trustee, P.O. Box 1103, Memphis, TN 38101-1103.

3. According to the confirmed Plan, or any modified plan thereafter, the last regular monthly mortgage payment to be paid through the Chapter 13 Trustee's office is 10/30/2019. Therefore, it is important that the debtor resume their regular monthly mortgage payments directly to the mortgage creditor thereafter.

4. The debtor is prohibited from incurring any post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

5. Claims are allowed and security surrendered to creditors as set forth in Exhibit "A" attached hereto, and by reference made a part hereof.

6. If a debtor surrenders property, creditors holding secured interests in the surrendered property may seek in rem relief from the automatic stay without payment of the related filing fee provided the motion is served by negative notice and is titled: Motion for Relief from Stay (Surrendered Property). Creditors may file an unsecured claim for any deficiency due within 91 days of the entry of this Order. Surrender is deemed effective immediately upon entry of this Order.

7. Distribution by the trustee shall commence and continue on a monthly basis following this confirmation in the following order:

   a. Trustee percentage fee as allowed by the U.S. Trustee.

   b. Attorney fees and expenses are allowed in the amount of $5,310.00 to the debtor's attorney.

   c. Creditors' claims in accordance with Exhibit "A".

8. Provisions for treatment of adjustable rate mortgage payments and escrow accounts are as follows:

   a. The Mortgage Holder shall forward any notice of change of mortgage payment or escrow amount to the debtor, debtor's attorney, and the trustee as soon as practicable and before any payment change is requested to occur.

   b. The Mortgage Holder shall assess no post-petition costs or expenses against the debtor's account during the pendency of this case until first providing the debtor, debtor's attorney, and the trustee with a notice of requested charges and opportunity to object.

   c. Upon receipt of the notice of payment changes or charges requested, the trustee shall take the following action:

     (1) If the new payment is *less* than the current payment, the trustee shall reduce the payment to the creditor in accordance with the notice and apply the difference to increase the distribution to unsecured creditors.

     (2) If the new payment is *greater* than the current payment, the trustee shall compute the additional sum the debtor must pay and advise the debtor and debtor's attorney of the new monthly payment amount. The payment to the creditor will be adjusted accordingly.

    d. These provisions are in effect a modification to a confirmed plan requested by the trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

    e. The automatic stay is modified, to the extent necessary, to allow the debtor and Mortgage Holder to negotiate loan modification terms during the pendency of this case. The parties shall timely submit any agreed loan modifications to the Court for approval.

9. Provisions for both pre-petition and post-petition arrears, if any, on allowed secured claims (including mortgage claims) are included in the Plan and this Order. Upon debtor making all payments required under the Plan and the entry of a Discharge Order, the delinquencies on any secured claims (including mortgage claims) paid through the Plan are deemed cured and reinstated through the plan completion date. All post-petition late fees and charges of any kind incurred incident to the Plan but not properly noticed and addressed via paragraph 8 above are discharged. Further, upon debtor making all payments required under the Plan to satisfy a security interest in a motor vehicle, mobile home or other similar property of the estate, upon discharge, creditor must timely provide a satisfaction and release of lien pursuant to state law.

10. Provisions for creditors' liens that are being avoided are as follows:

    a. Claim of a creditor whose liens are being avoided by debtor is treated in debtor's Plan as unsecured claims, and a statement of this treatment is included in the Plan.

    b. If the case is dismissed, those payments received by the creditor apply to the debt, but the lien is not avoided by this Order.

    c. The lien of the creditor is avoided, without further order, upon the earlier of (i) the payment of underlying debt, or (ii) the entry of a discharge under section 1328.

11. If any claim (secured/priority/unsecured) is filed after entry of this Order, the debtor or their attorney must timely file the appropriate motion to modify confirmed plan, objection(s) to claims and/or motion(s) to value claims.

12. If bar date to file proofs of claim has not yet expired:

    a. The debtor shall have thirty-five (35) days following the expiration of any bar date to object to any claim filed after entry of this Order.

    b. The debtor shall have thirty-five (35) days following the filing of an untimely claim to file an objection.

    c. Failure to timely object to a claim shall result in the allowance of the claim and the trustee shall include

    payments to these creditors in addition to those creditors currently listed on attached Exhibit "A".

    d. The trustee shall review the Claims Register after all bar dates have passed and file a motion to dismiss if the debtor fails to timely take appropriate action to address all filed claims.

13. The trustee shall hold all funds payable to general unsecured creditors for at least thirty (30) days after the bar date for filing claims has passed.

14. The debtor is responsible for paying all post-petition ongoing homeowners assessments, homeowners' dues, and/or property taxes; the automatic stay shall not apply to these debts.

15. The debtor is responsible for paying any domestic support obligation that first becomes payable after the date of filing of the petition.

16. Variations in distributions between the debtor's Plan and this Order shall be resolved in favor of this Order.

17. The debtor shall provide to the Chapter 13 Trustee all tax returns on an annual basis, to be received by the Chapter 13 Trustee no later than April 30th of each year.

18. All future refunds from the Internal Revenue Service shall be turned over to the Chapter 13 Trustee for distribution to the general unsecured creditors who have filed timely unsecured claims.

19. All objections to confirmation of the Plan were resolved at the Confirmation Hearing or are resolved by this Order.

20. No later than 180 days prior to the debtor's last Plan payment, the debtor shall file a certification(s) that (i) lists all domestic support obligations and whether such obligations are current, (ii) certifies that Section 522 (q) (1) is not applicable and no proceeding is pending in which the debtor could be found guilty of an offense listed in 522 (q) (1).

21. The debtor shall complete the required debtor financial education course and file the related certificate with the Court no later than 180 days following the entry of this Order.

22. The provisions of paragraphs 20 and 21 only apply to those cases filed on or after October 17, 2005.

23. Any discharge entered in this case shall not discharge the debtor's liability on a federally guaranteed student loan debt <u>unless</u> the Court specifically finds that repayment of the debt would cause an undue hardship to the debtor or the debtor's dependents pursuant to 11 U.S.C. § 523(a)(8).

24. To the extent this Confirmation Order contains any modified term or condition not timely noticed,

parties may seek the reconsideration of this Order within 14 days of its entry by separate motion.

Copies furnished to: All Creditors and Interested Parties.

Trustee Laurie K Weatherford is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

**Exhibit "A"**

| Claim Nbr. | | Claim Type | Claim Amount | Claim Allowed | Notes | | Monthly Payments |
|---|---|---|---|---|---|---|---|
| AT | Lewis Matthew Roberts | Attorney Fee | $5,310.00 | $5,310.00 | | | |
| | | | | | | 01-02/ | $1,011.50 |
| | | | | | | 03-03/ | $787.00 |
| | | | | | | 04-06/ | $0.00 |
| | | | | | | 07-18/ | $199.50 |
| | | | | | | 19-19/ | $106.00 |
| 001 | Discover Bank | General Unsecured | $2,772.09 | $2,772.09 | | 1-60/ | Pro Rata |
| 002 | College Assist | Unsecured w/Tier Pmts | $20,980.51 | $15,720.00 | ( 1) | | |
| | | | | | | 01-60/ | $262.00 |
| 003 | Usaa Federal Savings Bank | General Unsecured | $4,700.12 | $4,700.12 | | 1-60/ | Pro Rata |
| 004 | Cavalry Spv I, Llc | Secured By Vehicle | $5,491.95 | $0.00 | ( 2) | | |
| 005 | Ecast Settlement Corporation | General Unsecured | $3,123.62 | $3,123.62 | | 1-60/ | Pro Rata |
| 006 | Navient Solutions, Inc. | General Unsecured | $17,996.99 | $0.00 | ( 3) | | |
| 007 | Navient Solutions, Inc. | General Unsecured | $5,354.40 | $0.00 | ( 4) | | |
| 008 | Portfolio Recovery Associates, Llc | General Unsecured | $519.14 | $519.14 | | 1-60/ | Pro Rata |
| 009 | Portfolio Recovery Associates, Llc | General Unsecured | $2,971.32 | $2,971.32 | | 1-60/ | Pro Rata |
| 350 | Lewis Matthew Roberts | Monitoring Fees | $2,750.00 | $2,750.00 | | | |
| | | | | | | 01-05/ | $0.00 |
| | | | | | | 06-60/ | $50.00 |

Note ( 1)   CREDITOR FILED AN UNSECURED CLAIM IN THE AMOUNT OF $20,980.51. CLAIM IS ALLOWED TO HAVE STE PAYMENTS IN THE AMOUNT OF $262.00 FOR A TOTAL OF $15,720.00 PAID PER MONTH WITHIN THE PLAN. T CLAIM SURVIVES THE PLAN.

Note ( 2)   COLLATERAL FOR THIS CLAIM TO BE SURRENDERED

Note ( 3)   PURSUANT TO ORDER DATED 2/4/2015 CLAIM IS DISALLOWED.

Note ( 4)   PURSUANT TO ORDER DATED 2/4/2015 CLAIM IS DISALLOWED.

**Debtor Payments to the Trustee**

| Months | Amount |
|---|---|
| 1-5 | $1,415.00 |
| 6-60 | $640.00 |

NOTICE TO ALL CREDITORS LISTED ABOVE: In an effort to disburse all funds held by the trustee on a monthly basis, it is possible that you may on occasion receive partial payment. However, the Claim Allowed by this Court will be paid in full by the end of the debtor's Plan. All undesignated funds will be distributed to unsecured creditors with timely filed proofs of claim.

THE TRUSTEE SHALL PROVIDE TO THE COURT an amended confirmation order after all unsecured claim issues are resolved, if necessary. There will be no distribution to unsecured creditors listed on Exhibit A, attached hereto, for 90 days following the date of this Order.

IF MORTGAGE MEDIATION HAS BEEN ORDERED, the debtor and the creditor are directed to comply with the terms of the mortgage mediation modification order. The Trustee is authorized to disburse to the mediator the mediation fee upon the mediator filing a notice